**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | | |
|---|---|---|
| ERIKA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50236 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| JAVAN FREYENBERGER and | ) | |
| REBECCA FREYENBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion for summary judgment as to all claims against them brought by Plaintiff for damages arising from an incident at Defendants' rental property on July 15, 2023. For the following reasons, Defendants' motion for summary judgment [44] is denied.

**BACKGROUND**

Plaintiff, Erika Moore ("Plaintiff"), filed a state court action in the Circuit Court for the Fifteenth Judicial Circuit Court, Jo Daviess County, Illinois, alleging a one-count negligence claim under premise liability against Defendants Javan Freyenberger and Rebecca Freyenberger ("Defendants"), for injuries she sustained during a fall at Defendants' short-term rental property in Galena, IL, on July 15, 2023. Defendants removed the state court action to this Court. *See* [1]. Defendants have now moved for summary judgment [44].[1]

The factual background as taken from the parties' statement of facts and the record, is follows. From July 13, 2023, through July 15, 2023, Plaintiff was a guest at Defendants' short-term rental house in Galena, IL. Def.'s Rule 56.1 Stmt. Facts ¶ 2, Dkt. 46. Plaintiff was invited to the property along with several other women, all of whom were there to celebrate the marriage of their friend, Micah Boysen. *Id.* ¶ 18. Plaintiff was the first to arrive at the property. *Id.* ¶ 7; Pl.'s deposition, at 25:24-26:2. When Plaintiff arrived, it was still light outside and she took a video of

---

[1] On June 11, 2026, the Court struck Plaintiff's responsive filings for failing to comply with the Federal Rules of Civil Procedure, NDIL Local Rules, and the Court's Standing Order on Motions for Summary Judgment. *See* [56]. Plaintiffs then filed amended documents, including response to Defendants' motion for summary judgment [57], statement of facts [58], response to Defendants' statement of facts [59], and memorandum in support of opposition to motion for summary judgment [60]. (Defendants then filed an amended response to Plaintiff's statement of facts [62], and an amended reply memorandum in support of their motion [63].) Plaintiff's amended responses remain somewhat deficient – notably, Plaintiff's response to Defendants' statement of facts [59], which contains numerous responses without citation to evidence in support. However, the Court will excuse Plaintiff and decline to strictly enforce the rules. *See Edgewood Manor Apt. Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) ("[W]e have repeatedly held that the district court has broad discretion to require strict compliance with local rules or to relax the rules and excuse noncompliance.").

the property, including the fire pit area and the hill adjacent to the fire pit area. Def.'s Rule 56.1 Stmt. Facts ¶ 8. The fire pit area was located at the back of the property and was surrounded by raised rocks that created a boundary along the edge of the fire pit. *Id.* ¶ 11. A screenshot from Plaintiff's recorded video shows the fire pit from the balcony and the general configuration of the area.



*Id.* ¶ 12; Pl.'s Amend. Resp. to Def.'s Stmt. Facts ¶ 12 (Plaintiff's view of the fire pit area from the balcony of the rental property on July 13, 2023.).

The yard at the property sloped downward from the rock boundary around the fire pit. *Id.* ¶ 14; Def.'s Rule 56.1 Stmt. Facts ¶ 14. Plaintiff and the other guests at the house knew that the property got dark at night. *Id.* ¶ 17. On July 14, 2023, Plaintiff and the other party attendees went to a wine tasting where they spent over an hour. *Id.* ¶ 21. Plaintiff consumed alcohol at the wine tasting and consumed alcohol again at the rental house that night. *Id.* ¶¶ 22, 23. Plaintiff had concerns about the lighting conditions before going outside to the fire pit area and went to the fire pit area despite the fact that some exterior lighting was not working. Pl.'s Amend. Resp. to Def.'s Stmt. Facts ¶ 26. Plaintiff went outside barefoot and, at some point, stood on the elevated rocks lining the fire pit area. Def.'s Rule 56.1 Stmt. Facts ¶¶ 28, 29. While Plaintiff was standing on the elevated rocks, she stepped backwards to avoid walking around the fire pit. *Id.* ¶¶ 35, 36. Plaintiff needed to use the restroom but wanted to avoid the fire, which is why she stepped backwards off the elevated rocks. *Id.* ¶ 36. After stepping backwards, Plaintiff fell into shrubs and rolled down the hill injuring her right toe. *Id.* ¶ 38.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that affects the outcome of the suit." *Fidlar Technologies v. LPS Real Est. Data Sols., Inc.*, 810 F.3d 1075, 1079 (7th Cir. 2016) (internal quotations and citation omitted). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To do this, the movant must either demonstrate "an absence of evidence supporting an essential element of the non-moving party's claim" or present "affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. Of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotations omitted).

In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A court's "job when assessing a summary judgment motion is not to weigh evidence, make credibility determinations, resolve factual disputes and swearing contests, or decide which inferences to draw from the facts." *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

## ANALYSIS

To establish a cause of action for negligence under Illinois law, a plaintiff must prove "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach." *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 636 (Ill. App. Ct. 2009).[2] In support of summary judgment, Defendants argue they owed no duty of care to Plaintiff because the raised rocks along the fire pit, the low lighting, and the hill at the rear of the property were open and obvious conditions that bar Plaintiff's claims. Defendants further argue that Plaintiff had multiple opportunities to observe the conditions at and around the fire pit area. Defendants also state that no exception to the open and obvious doctrine – notably the distraction exception and the deliberate encounter exception – would apply. Finally, Defendants argue that Plaintiff's decision to go outside in the dark barefoot does not create a duty on the part of Defendants. Because the Court finds that there is a genuine issue of material fact as to the open and obvious nature of the condition at issue, Defendants' motion for summary judgment is denied and the Court need not address Defendants' other arguments.

Whether a duty exists is a question of law to be resolved by the court. *Rodriguez v. Menard, Inc.*, Case No. 23 C 4235, 2025 WL 2098813, at *3 (N. D. Ill. July 25, 2025). "In determining whether a duty exists, Illinois courts typically consider the following four factors: '(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant.'" *Roy v. Menard, Inc.*, No. 24 C 04135, 2026 WL 657760, at *2 (N.D. Ill. Mar. 6, 2026) (quoting *Bruns v. City of Centralia*, 21 N.E.3d 684, 689 (Ill. 2014)). However, in Illinois, "the open and obvious doctrine is an exception to the general duty of care owed by a landowner." *Park v. Northeast Il. Regional Commuter R.R. Corp.*, 960 N.E.2d 764, 769 (Ill. App. Ct. 2011). This is because "persons who own, occupy, or control and maintain land are not ordinarily required to

---

[2] This diversity case is controlled by Illinois law. *Cruz v. Costco Wholesale Corp.*, 134 F.4th 984, 987 (7th Cir. 2025).

foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996). The "open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Id.*

Where there is no dispute over the physical nature of the condition, determining whether the condition is open and obvious is a question of law. *Fratto v. Illinois Sports Facilities Authority*, No. 1-24-1979, 2026 WL 228655, at *3 (Ill. App. Ct. 2026). However, "'where there is a dispute about the condition's physical nature, such as its visibility, the question of whether a condition is open and obvious is factual.'" *Id.*, quoting *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 520 (Ill. App. Ct. 2010). *See also Zamora v. Home Depot U.S.A., Inc.*, Case No. 21-cv-05738, 2025 WL 416806, at *2 (N.D. Ill. Feb. 6, 2025) ("Where plaintiffs have failed to notice a condition prior to slipping or tripping, courts have routinely found the open and obvious issue to be a question of fact and denied summary judgment.").

Here, the record reveals a genuine dispute concerning the physical nature and visibility of the conditions – including the abruptness of the elevation change in the back of the fire pit area, the sloping hillside beyond the rocky barrier, and the visibility of the area generally. Defendants argue that the fire pit area and the sloped terrain behind the fire pit were open and obvious conditions that a reasonable person would have discovered and appreciated. In support, Defendants note that Plaintiff was the first to arrive and took a video of the property, including the fire pit area – taken from the home's upper deck area. [45], p. 4. However, the Court's review of the video – including the view of the fire pit (*see* screenshot of video footage of fire pit area above) – reveals that the conditions surrounding the fire pit area create doubt as to the open and obvious nature of these conditions.

Defendants also argue that multiple witnesses confirmed that the rocks were visible and created an obvious boundary around the fire pit, and that "reasonable minds viewing the property should conclude that the fire pit was surrounded by rocks and that there is a drop off from the edge of the elevated rocks that create the boundary around the fire pit." [45], p. 4-5. Yet, the depositions of the various party attendees shed light on how reasonable minds could differ about the elevation's observable characteristics in the dark. Plaintiff testified that "the way [the fire pit area] was level with the ground on the side, it's hard to tell if there was any hill back there" from her vantage point on the balcony earlier in the day. [46-2], p. 28. Similarly, Cassandra Hunt testified that "we didn't realize how much of a step it was" and that "it didn't look like . . . if I had stepped back that I would have fallen." [46-6], p. 26. Helaina Hillyard testified that it was not "obvious" that the property was situated on a hill. [46-7], p. 24. Mariah Boyson likewise stated, "I had not realized that there was a hill there until we started discussing it the next morning." [46-5], p. 34. Abby Knoop testified that the fire pit area "was dark, so I couldn't really see beyond the firepit." [46-3], p. 19. By contrast, Micah Samuelson testified that the hill and grass slope were obvious, even from the balcony vantage point, and that she had no visibility issues looking down from the balcony into the fire pit area. [46-4], pp. 23-25, 29. These conflicting accounts reveal a genuine factual dispute about the physical nature and visibility of the condition, making the open and obvious determination one for the jury.

In support of their position, Defendants cite to *Sollami v. Eaton*, 772 N.E.2d 215 (Ill. 2002) for the proposition that "when a danger is open and obvious, the likelihood of injury is slight

because the entrants are expected to appreciate and avoid the risk." [45], p. 5. In *Sollami*, the father of a 15-year-old minor who was injured while jumping on a trampoline, brought a premises liability claim on her behalf against the owner of the property on which the trampoline was located. 772 N.E.2d at 217. The Illinois Supreme Court held that the risks associated with the trampoline were open and obvious as a matter of law, finding that the physical nature of the trampoline was undisputed and that a reasonable person would appreciate the obvious risk of performing "inappropriate maneuvers, such as rocket-jumping." *Id.* at 224-25. Defendants cited *Sollami* to support the proposition that determination of whether a condition is open and obvious is a question of law. However, unlike here, *Sollami* did not involve a dispute regarding the visibility or physical nature of the condition. Rather, the physical characteristics of the hazard and the risks associated with its use were not disputed. *Id.* Because the Court here finds that there is a dispute of fact regarding the conditions, the Court is not persuaded by *Sollami*. Defendants also cite to *Godair v Metro East Sanitary District*, 185 N.E.3d 341 (Ill. App. Ct. 2021) in support of their position. However, like *Sollami*, *Godair* found that the conditions at issue were open and obvious as a matter of law. *Id.* at 348; therefore, for the same reasons, the Court finds *Godair* not on point.

The Court finds *Alqadhi v. Standard Parking, Inc.*, 938 N.E.2d 584 (Ill. App. Ct. 2010), and *Romano v. Roundy's Illinois, LLC*, No. 21-cv-1463, 2022 WL 4356926 (N.D. Ill. Sept. 20, 2022), more analogous to the case at bar. In *Alqadhi*, a parking garage patron brought a premises liability action against parking garage owners after she tripped and fell on the raised concrete of a wheelchair accessible ramp near the garage exit. 938 N.E.2d at 585-86. The court found a factual dispute existing where the plaintiff described lighting conditions as "low" and "dark," and testified that she could not appreciate the elevation change. *Id.* at 588. Further, a forensic engineering expert concluded that lack of contrast paint "disguised" the vertical elevation change, creating a hazard that was "not obvious." *Id.* at 586. The court concluded that this created a genuine dispute about the physical nature of the condition, requiring a jury determination. *Id.* at 588-89. Similarly, in *Romano*, Plaintiff sought damages for injuries she suffered after falling inside a Mariano's grocery store. She alleged that a "U-boat" style cart was negligently left in the aisle and she subsequently tripped over it. *Romano*, 2022 WL 4356926, at *1. The *Romano* court acknowledged that the focus is not on plaintiff's subjective knowledge of the risk, but whether a reasonable person would have appreciated the same risk. Nevertheless, the court found that plaintiff's "uncontested testimony that she did not appreciate how long the U-boat cart was and did not see the platform of the cart before she stepped and fell, create[d] a genuine issue of material fact as to whether the condition was open and obvious." *Id.* at *7. The *Romano* court found there was a genuine dispute as to whether the risk from the U-boat cart was an open and obvious condition; therefore, the court was unable to conclude as a matter of law that defendant owed plaintiff a duty of care. *Id.*

Here, like in *Alqadhi* and *Romano,* there is a genuine dispute about the physical nature of the condition – namely, the lighting and visibility of the elevation change from the rocky barrier of the fire pit to the sloping hill beyond – and whether a reasonable person should have been aware of such condition. *See also*, *Stephen v. Home Depot U.S.A., Inc.*, No. 18 C 130, 2020 WL 7260803, at *4 (N.D. Ill. Dec. 10, 2020) ("Although Defendants present evidence that the hose was visible from the front or the back of the store and even that Stephen saw the hose after her foot got caught in it but before she fell, they do not present any evidence to contradict Stephen's testimony that she could not see the hose when turning the corner. The Court must submit this factual dispute about the hose's visibility to a reasonable person in Stephen's shoes to a jury."); *Geleta v. Meijer,*

*Inc.*, No. 11 CV 6567, 2013 WL 6797111, at *6 (N.D. Ill. Dec. 23, 2013) ("[W]here plaintiffs have failed to notice a condition prior to slipping or tripping, courts consistently have found the open and obvious issue to be a question of fact.").

Because the Court finds that there is a genuine dispute of material fact as to whether the area surrounding the fire pit was an open and obvious condition, the Court declines to hold as a matter of law that Defendants owed no legal duty to Plaintiff. Accordingly, Defendants are not entitled to summary judgment. The Court need not address Defendants' other arguments, nor reach the applicability of the distraction or deliberate encounter exceptions.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment [44] is denied.

Date: August 28, 2026

Enter:

Margaret J. Schneider
United States Magistrate Judge